UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL WILLIAMS,   Case No. 1:13-cv-627

    Plaintiff,   Judge Timothy S. Black

vs.

CHARLES LAKE,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND AWARDING DAMAGES (Docs. 7, 14)**

This civil action is before the Court on Plaintiff's motion for default judgment (Doc. 7) and damages (Doc. 14). Defendant Charles Lake did not respond.

## I. PROCEDURAL HISTORY

Plaintiff filed his Complaint on September 9, 2013. (Doc. 1). Defendant was served on December 15, 2013, but failed to answer on or before January 4, 2014. (Doc. 4). On April 17, 2014, the clerk entered default. (Doc. 11). Subsequently, Plaintiff filed the instant motion for default judgment and damages. (Doc. 14).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist.

LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### III. ANALYSIS

Defendant having defaulted, the factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). To ascertain an uncertain sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

On November 28, 2011, while Plaintiff was incarcerated at Lebanon Correctional Institution, he was assaulted by Defendant Corrections Officer Charles Lake. (Doc. 1 at ¶ 7; Doc. 14, Ex. 3 at ¶ 2). Plaintiff was handcuffed while he was assaulted and therefore he was unable to defend himself. (Doc. 14, Ex. 3 at ¶ 2). Defendant tackled Plaintiff and struck him multiple times on the head and body. (*Id.*) Plaintiff was taken to the prison infirmary where he was treated for soft-tissue injuries, abrasions, and pain. (*Id.* at ¶¶ 3-5). These injuries did not immediately resolve, requiring additional treatments. (*Id.*) While the soft-tissue injury, abrasions, and the general pain eventually resolved, Plaintiff claims that he experiences periodic dizzy spells related to the assault. (*Id.* at ¶ 7). Plaintiff has also been treated for post-traumatic stress disorder. (*Id.*)

Defendant initially lied to the Ohio State Patrol and investigators, stating that Plaintiff provoked the battery. (Doc. 1 at ¶ 8). Unbeknownst to Defendant, the incident was captured on tape and the video refuted Defendant's statement. (*Id.* at ¶ 9). After an investigation by the Ohio State Patrol, Defendant was charged with misdemeanor assault and ultimately pled to dereliction of duty under Ohio Revised Code Section 2921.44. (*Id.* at ¶¶ 10-12).

Defendant sought damages from the prison's grievance process, but his grievance was rejected because prison grievance officials cannot award damages. (Doc. 1 at ¶ 13). Instead, the grievance officials moved Plaintiff to a different prison and Defendant was fired. (*Id.*) Plaintiff's sentence expired in August 2013 and he was released from prison. (*Id.* at ¶ 14).

3

This Court can consider damages awards in similar cases in assessing the propriety of the amount of damages Plaintiff seeks here. *Martell v. Boardwalk Enter., Inc.*, 748 F.2d 740, 752-53 (2d Cir. 1984). Plaintiff cites several jury verdicts from excessive-force cases, including *Hendrickson v. Cooper*, 589 F.3d 887 (7th Cir. 2009) (guard assaulted an inmate and caused injuries that ultimately resolved), where the jury awarded $75,000 in compensatory damages, *O'Neil v. Krzeminski*, 839 F.2d 9 (2nd Cir. 1988) (pretrial detainee was a victim of excessive force that caused soft-tissue injuries and a fractured nose, which resolved), where the jury awarded $80,000 in compensatory damages, and *Blissett v. Coughlin*, 66 F.3d 531 (2nd Cir. 1995) (several prison guards assaulted a handcuffed inmate until the inmate became unconscious resulting in soft-tissue injuries and recurring knee problems), where the jury awarded $75,000. Plaintiff alleges that these verdicts support a finding that a compensatory damage award of $75,000 is justified in this case. This Court agrees. A compensatory award of $75,000 is supported by the record. *See also Fenolio v. Smith*, 802 F.2d 256, 259-60 (7th Cir. 1986) (the required "rational connection" between the evidence and the award does not imply mathematical exactitude, especially where the compensatory damages are for pain and suffering because such damages are very difficult to quantify).

A punitive award "may be an integral part of the remedy in a civil rights action." *Zarcone v. Perry*, 572 F.2d 52, 54 (2d Cir. 1978). "Punitive damages are appropriate when the defendant acted wantonly and willfully, or was motivated in his actions by ill will or a desire to injure." *Hagge v. Bauer*, 827 F.2d 101, 110 (7th Cir. 1987). Plaintiff argues that these same cases also support an award of punitive damages. In *Hendrickson*,

4

589 F.3d at 893, the jury awarded $125,000 in punitive damages, in *O'Neil*, 839 F.2d at 13, the jury awarded $185,000 in punitive damages, and in *Blissett*, 66 F.3d at 534, the jury awarded $25,000 in punitive damages (between $5,000-$10,000 against each officer involved). Accordingly, Plaintiff requests an award of $112,000 in punitive damages – the average punitive award of the three cases combined. Given the facts in the cited cases as compared with the instant case, the Court finds that a $112,000 award is excessive, but an award of $75,000 is reasonable.

Finally, the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. Section 1988(b), permits a court to award reasonable attorney fees to the "prevailing party" in a civil rights action brought under 42 U.S.C. Section 1983. *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) ("[a] plaintiff 'prevails' when actual relief on the merits on his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"). Accordingly, Plaintiff is also entitled to reasonable attorney's fees incurred in connection with this litigation. Plaintiff's counsel spent 21.5 hours litigating this civil action at a rate of $200.00 per hour. (Doc. 14 at ¶ 2). The Court finds this rate is reasonable. *See, e.g., Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp.2d 870, 876 (S.D. Ohio 2008) (a 2007 Ohio State Bar Association rate survey indicated the mean hourly rate for attorneys practicing in Greater Cincinnati is $217/hour, and the median is $200). Accordingly, the Court awards $4,300.00 in attorneys' fees. Additionally, Plaintiff is entitled to payment of costs in the amount of $529.05. (Doc. 14 at ¶¶ 4, 5).

## IV. CONCLUSION

Therefore, as evidenced in Plaintiff's exhibits and affidavits and as set forth herein, the Court enters judgment by default in favor of Plaintiff granting him monetary damages against Defendant Charles Lake in the following amounts: (a) $75,000 in compensatory damages; (b) $75,000 in punitive damages; and (c) $4,300.00 in attorneys' fees and $529.05 in costs.

**IT IS SO ORDERED.**

Date: 10/14/14

Timothy S. Black
United States District Judge